HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
40 Paterson Street, PO Box 480
New Brunswick, NJ 08903
(732) 545-4717
Attorneys for Defendants MJH Healthcare Holdings, LLC; Michael J.
Hennessy and Associate, Inc.; MJH Associates, Inc.; Intellisphere,
LLC; and Robert Goldsmith

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON, NEW JERSEY

| | |
|---|---|
| Plaintiff,<br><br>ELIZABETH M. BROWN<br><br>    vs.<br><br>Defendants,<br><br>MJH HEALTHCARE HOLDINGS, LLC<br>d/b/a MICHAEL J. HENNESSY AND<br>ASSOCIATES; MICHAEL J. HENNESSY<br>AND ASSOCIATES, INC.; MJH<br>ASSOCIATES, INC., d/b/a/<br>MICHAEL J. HENNESSY AND<br>ASSOCIATES; INTELLISPHERE, LLC<br>d/b/a MICHAEL J. HENNESSY AND<br>ASSOCIATES; and ROBERT<br>GOLDSMITH | CIVIL ACTION NO. 3:18-cv-13283-<br>MAS-TJB<br><br>**ANSWER TO PLAINTIFF'S FIRST<br>AMENDED COMPLAINT, SEPARATE<br>DEFENSES,    REQUEST FOR<br>DISCOVERY, DESIGNATION OF TRIAL<br>COUNSEL, JURY DEMAND, REQUEST<br>FOR STATEMENT OF DAMAGES** |

Defendants MJH Healthcare Holdings, LLC; Michael J. **Hennessy**
and Associate, Inc.; MJH Associates, Inc.; Intellisphere, LLC; **and**
Robert Goldsmith, by way of Answer to Plaintiff's Complaint, say:

### I.   Introduction

1.   The allegations contained in this paragraph call for **a**
legal conclusion and are therefore denied.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

1

## II.   Jurisdiction and Venue

2.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

3.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

4.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

## III. Parties

5.   These Defendants repeat and reiterate each and every response to prior allegations as if same were set forth herein at length.

6.   Plaintiff is left to her proofs thereto.

7.   These Defendants deny the allegations contained in this paragraph.

8.   These Defendants deny the allegations contained in this paragraph.

9.   Admitted Defendant Goldsmith is Vice President of Sales for Intellisphere, LLC, a subsidiary of MJH Healthcare Holdings, LLC. Denied as to the remainder of the allegations contained in this paragraph.

10.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

2

## IV.   Factual Background

11.   These Defendants repeat and reiterate each and every response to prior allegations as if same were set forth herein at length.

12.   These Defendants deny the allegations contained in this paragraph.

13.   Admitted that Plaintiff was a sales associate with Intellisphere, LLC. Denied as to the remainder of the allegations contained in this paragraph.

14.   These Defendants deny the allegations contained in this paragraph.

15.   Admitted that Defendant Goldsmith was Plaintiff's supervisor. Denied as to the remainder of the allegations contained in this paragraph.

16.   These Defendants deny the allegations contained in this paragraph.

17.   Admitted that Plaintiff's base salary was $42,500 annually, subject to applicable federal, state, and local withholdings. Denied as to the remainder of the allegations contained in this paragraph.

18.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

19.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

20. These Defendants deny the allegations contained in this paragraph.

21. These Defendants deny the allegations contained in this paragraph.

22. These Defendants deny the allegations contained in this paragraph.

23. These Defendants deny the allegations contained in this paragraph.

24. These Defendants deny the allegations contained in this paragraph.

25. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

26. These Defendants deny the allegations contained in this paragraph.

27. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

28. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

29. These Defendants deny the allegations contained in this paragraph.

30. These Defendants deny the allegations contained in this paragraph.

31. These Defendants deny the allegations contained in this paragraph.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

Count I
## Violations of the Fair labor Standards Act ("FLSA")
(Failure to Pay Overtime Wages)
-Against All Defendants-

32. These Defendants repeat and reiterate each and every response to prior allegations as if same were set forth herein at length.

33. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

34. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

35. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

36. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

37. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

38. These Defendants deny the allegations contained in this paragraph.

39. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

40. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

WHEREFORE, Defendants MJH Healthcare Holdings, LLC; Michael J. Hennessy and Associate, Inc.; MJH Associates, Inc.; Intellisphere,

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

5

LLC; and Robert Goldsmith demand judgment dismissing the Complaint, together with costs and counsel fees.

Count II
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Retaliation)**
**-Against All Defendants-**

41.   These Defendants repeat and reiterate each and every response to prior allegations as if same were set forth herein at length.

42.   These Defendants deny the allegations contained in this paragraph.

43.   These Defendants deny the allegations contained in this paragraph.

44.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

WHEREFORE, Defendants MJH Healthcare Holdings, LLC; Michael J. Hennessy and Associate, Inc.; MJH Associates, Inc.; Intellisphere, LLC; and Robert Goldsmith demand judgment dismissing the Complaint, together with costs and counsel fees.

Count III
**Violations of the New Jersey Wage & Hour Law(s) ("NJWHL")**
**(Failure to Pay Overtime Wages and Base Hourly Wages)**
**-Against All Defendants-**

45.   These Defendants repeat and reiterate each and every response to prior allegations as if same were set forth herein at length.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

46. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

47. These Defendants repeat and reiterate each and every response to prior allegations as if same were set forth herein at length.

WHEREFORE, Defendants MJH Healthcare Holdings, LLC; Michael J. Hennessy and Associate, Inc.; MJH Associates, Inc.; Intellisphere, LLC; and Robert Goldsmith demand judgment dismissing the Complaint, together with costs and counsel fees.

## Count IV
## Violations of the New Jersey Law Against Discrimination ("NJLAD")
### (Discrimination & Retaliation)
### -Against All Defendants-

48. These Defendants repeat and reiterate each and every response to prior allegations as if same were set forth herein at length.

49. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

50. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

WHEREFORE, Defendants MJH Healthcare Holdings, LLC; Michael J. Hennessy and Associate, Inc.; MJH Associates, Inc.; Intellisphere, LLC; and Robert Goldsmith demand judgment dismissing the Complaint, together with costs and counsel fees.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

7

## Count V
## Violations of the Conscientious Employee Protection Act ("CEPA")
### (Retaliation)
### -Against All Defendants-

51.   These Defendants repeat and reiterate each and every response to prior allegations as if same were set forth herein at length.

52.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

53.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

WHEREFORE, Defendants MJH Healthcare Holdings, LLC; Michael J. Hennessy and Associate, Inc.; MJH Associates, Inc.; Intellisphere, LLC; and Robert Goldsmith demand judgment dismissing the Complaint, together with costs and counsel fees.

## FIRST SEPARATE DEFENSE

If Plaintiff suffered damages, the same were caused by Plaintiff's sole negligence.

## SECOND SEPARATE DEFENSE

If Plaintiff suffered damages, the same were caused by Plaintiff's contributory negligence.

## THIRD SEPARATE DEFENSE

If Plaintiff suffered damages, the same were caused by third persons over whom these Defendants had no control.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
38901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

8

## FOURTH SEPARATE DEFENSE

The incident which forms the basis of this litigation and which allegedly caused the injuries and damages to Plaintiff was proximately caused or contributed to by the fault of third parties not parties to this suit. The responsibility of these Defendants and the right of Plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties to this litigation have been determined. Accordingly, these Defendants seek an adjudication of the percentage of fault of Plaintiff and each and every person whose fault contributed to this incident.

## FIFTH SEPARATE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## SIXTH SEPARATE DEFENSE

Plaintiff's cause of action is barred by the applicable Statute of Limitations and/or Repose.

## SEVENTH SEPARATE DEFENSE

These Defendants did not violate any duty owed to Plaintiff under common law, statute, regulations or standards.

## EIGHTH SEPARATE DEFENSE

The conduct of these Defendants was not negligent.

## NINTH SEPARATE DEFENSE

The conduct of these Defendants was not the proximate cause of Plaintiff's alleged damages.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

9

## TENTH SEPARATE DEFENSE

The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of these Defendants.

## ELEVENTH SEPARATE DEFENSE

The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of these Defendants.

## TWELFTH SEPARATE DEFENSE

These Defendants specifically deny being liable for punitive damages.

## THIRTEENTH SEPARATE DEFENSE

These Defendants deny the applicability of punitive damage theories under the facts of this litigation and, in any event, denies it is so liable under said theories.

## FOURTEENTH SEPARATE DEFENSE

Punitive damages may not be awarded against these Defendants and are inappropriate and not recoverable under the facts of this case and should be dismissed.

## FIFTEENTH SEPARATE DEFENSE

These Defendants hereby demand a bifurcated trial as to the issues of compensatory and punitive damages.

## SIXTEENTH SEPARATE DEFENSE

There was insufficiency of process as to these Defendants.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

### SEVENTEENTH SEPARATE DEFENSE

There was insufficiency of service of process as to these Defendants.

### EIGHTEENTH SEPARATE DEFENSE

The Court lacks jurisdiction over the person of these Defendants.

### NINETEENTH SEPARATE DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### TWENTIETH SEPARATE DEFENSE

Venue of this action is improper and these Defendants reserve the right to move for transfer.

### TWENTY-FIRST SEPARATE DEFENSE

These Defendants reserve the right to move for a dismissal of Plaintiff's Amended Complaint.

### TWENTY-SECOND SEPARATE DEFENSE

Plaintiff fails to state a claim for relief

### TWENTY-THIRD SEPARATE DEFENSE

Plaintiff fails to exhaust administrative remedies.

### TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff failed to mitigate her damages.

### TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred by laches and the doctrine of unclean hands.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

### TWENTY-SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred by res judicata and the collateral estoppel effects of prior judicial or administrative rulings.

### TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, and specifically, not entitled to an extension of the two-year statute of limitations under the FLSA because Defendants did not act willfully.

### TWENTY-EIGHTH SEPARATE DEFENSE

The timing and mode of payment was proper.

### TWENTY-NINTH SEPARATE DEFENSE

At all times relevant, Defendants acted in full compliance with the Fair Labor Standards Act and New Jersey Wage and Hour Law.

### THIRTIETH SEPARATE DEFENSE

At all times relevant, Defendants acted in good faith and had reasonable grounds for believing that the acts or omissions giving rise to such action was in good faith and Defendants had reasonable grounds for believing that any act or omissions was not a violation of the Fair Labor Standards Act or any other law.

### THIRTY-FIRST SEPARATE DEFENSE

The acts and omissions complained of were in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval or interpretation by the

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

12

Commissioner of the Department of Labor and Industry, Director of the Wage and Hour Bureau, or any administrative practice or enforcement policy of such department or bureau.

### THIRTY-SECOND SEPARATE DEFENSE

At all times relevant, Plaintiff was not entitled to minimum wage.

### THIRTY-THIRD SEPARATE DEFENSE

At all times relevant, Plaintiff was not entitled to overtime pay.

### THIRTY-FOURTH SEPARATE DEFENSE

Plaintiff is entitled to all applicable exemptions of the Fair Labor Standards Act and applicable provisions of the New Jersey Wage and Hour Law.

### THIRTY-FIFTH SEPARATE DEFENSE

While Defendants maintain Plaintiff is not owed any payments for overtime, if any are owed, they cannot be calculated at more than one-half her person's regular rate of pay for the workweek in which she worked.

### THIRTY-SIXTH SEPARATE DEFENSE

Plaintiff is not entitled to prejudgment interest, even if she prevails.

### THIRTY-SEVENTH SEPARATE DEFENSE

Plaintiff is not entitled to liquidated damages, even if she prevails.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

### THIRTY-EIGHTH SEPARATE DEFENSE

Defendants had a lack of constructive or actual knowledge of Plaintiff's hours worked.

### THIRTY-NINTH SEPARATE DEFENSE

Defendants hereby give notice that they intend to rely upon each other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

### FORTIETH SEPARATE DEFENSE

Plaintiff's cause of action fails to prove that the alleged conduct occurred because of disability or perceived disability discrimination; that it was severe and pervasive; that it created an intimidating, hostile or offensive work environment and that the conduct was severe and pervasive enough to alter the conditions of employment.

### FORTY-FIRST SEPARATE DEFENSE

Plaintiff unreasonably failed to take advantage of any protective or corrective opportunities provided.

### FORTY-SECOND SEPARATE DEFENSE

These Defendants publicized and enforced an effective anti-harassment policy, if promptly corrected unlawful harassment.

### FORTY-THIRD SEPARATE DEFENSE

These Defendants deny the existence of an adverse employment action.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

### FORTY-FOURTH SEPARATE DEFENSE

These Defendants had a legitimate non-discriminatory reason for their action and or inaction.

### FORTY-FIFTH SEPARATE DEFENSE

Plaintiff was not replaced by an individual outside of her protected class.

### FORTY-SIXTH SEPARATE DEFENSE

Plaintiff was not qualified for her position and was not meeting her employer's legitimate expectations.

### FORTY-SEVENTH SEPARATE DEFENSE

These Defendants did not engage in intentional discrimination. Nor did Plaintiff's protected characteristic play a role in these Defendants' actions.

### FORTY-EIGHTH SEPARATE DEFENSE

Plaintiff was not treated less favorably than employees outside of her protected class.

### FORTY-NINTH SEPARATE DEFENSE

Plaintiff did not have a qualifying disability.

### FIFTIETH SEPARATE DEFENSE

Plaintiff was not able to perform all of the essential functions of her job, either with or without reasonable accommodation.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

### FIFTY-FIRST SEPARATE DEFENSE

No accommodation was available that would have enabled Plaintiff to do the essential functions of her job.

### FIFTY-SECOND SEPARATE DEFENSE

These Defendants were not aware that Plaintiff needed an accommodation.

### FIFTY-THIRD SEPARATE DEFENSE

The accommodation Plaintiff sought, if at all, was not reasonable.

### FIFTY-FOURTH SEPARATE DEFENSE

The accommodation Plaintiff was provided was adequate.

### FIFTY-FIFTH SEPARATE DEFENSE

These Defendants did not deny Plaintiff a reasonable accommodation.

### FIFTY-SIXTH SEPARATE DEFENSE

These Defendants were unaware of their role in any alleged overall illegal, unlawful, or tortious activity.

### FIFTY-SEVENTH SEPARATE DEFENSE

These Defendants did not knowingly and substantially assist their employer in any discriminatory conduct against Plaintiff.

### FIFTY-EIGHTH SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim under N.J.S.A 34.19-1 upon which the relief demanded may be granted.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

### FIFTY-NINTH SEPARATE DEFENSE

These Defendants are not subject to individual liability to Plaintiff based on any of the claims asserted by Plaintiff, under N.J.S.A. 34:19-1, et seq., or otherwise.

### SIXTIETH SEPARATE DEFENSE

These Defendants acted in good faith, without malice, and with the reasonable belief that their actions were reasonable under the existing facts and circumstances.

### SIXTY-FIRST SEPARATE DEFENSE

Plaintiff did not have an objective, reasonable belief that Defendants had engaged in conduct which violated a law, rule, or regulation, or that was incompatible with a clear mandate of public policy.

### SIXTY-SECOND SEPARATE DEFENSE

Defendants deny their knowledge of Plaintiff's disclosure, or threat to disclose, to a public body of any alleged wrongdoing from the Defendants.

### SIXTY-THIRD SEPARATE DEFENSE

Plaintiff did not possess a legitimate fear of retaliation by these Defendants as a result of her alleged "whistle blowing" activity.

### SIXTY-FOURTH SEPARATE DEFENSE

Plaintiff did not suffer an adverse employment action.

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

### SIXTY-FIFTH SEPARATE DEFENSE

There is no causal connection between Plaintiff's alleged protected activity and the alleged retaliation.

### SIXTY-SIXTH SEPARATE DEFENSE

At all times relevant Defendants had legitimate, non-retaliatory reasons for their actions.

### NOTICE OF ALLOCATION

Pursuant to R. 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991), these Defendants hereby advise that if any Co-Defendant settles the within matter prior to conclusion of trial, the liability of any settling Co-Defendant shall remain an issue and these Defendants shall seek an allocation of percentage of negligence by the finder of fact against such settling Co-Defendant and/or a credit in favor of these Defendants consistent with such allocation.

### REQUEST FOR DISCOVERY

**PLEASE TAKE NOTICE** that demand is hereby made of Plaintiff for complete compliance with Rule 26, for all discovery items/documentation.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, be advised that **Jennifer A. Passannante, Esq.** has been designated as trial counsel on behalf of Defendants MJH Healthcare Holdings, LLC; Michael J. Hennessy and Associate,

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

Inc.; MJH Associates, Inc.; Intellisphere, LLC; and Robert Goldsmith in the above-captioned matter.

## JURY DEMAND

Defendants MJH Healthcare Holdings, LLC; Michael J. Hennessy and Associate, Inc.; MJH Associates, Inc.; Intellisphere, LLC; and Robert Goldsmith hereby demand a trial by jury in accordance with Federal Rule of Civil Procedure 38.

## REQUEST FOR STATEMENT OF DAMAGES

**PLEASE TAKE NOTICE** that in accordance with Local Civil Rule 8.1, the undersigned requests that within ten (10) days of service hereof upon you, you serve upon us a written statement of the amount of damages claimed in this action against these Defendants, and against all defendants, if these amounts differ.

HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
Attorneys for Defendants MJH Healthcare Holdings, LLC; Michael J. Hennessy and Associate, Inc.; MJH Associates, Inc.; Intellisphere, LLC; and Robert Goldsmith

By: _____
JENNIFER PASSANNANTE

Dated:  December 21, 2018

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

189 MAPLE AVENUE
RED BANK, NJ 07701

## PROOF OF MAILING

I, **Jennifer Passannante, Esq.,** hereby certify that on this date that I served via electronic mail, a true and accurate copy of the within Answer to Plaintiff's Complaint on behalf of Defendants MJH Healthcare Holdings, LLC; Michael J. Hennessy and Associate, Inc.; MJH Associates, Inc.; Intellisphere, LLC; and Robert Goldsmith to the following:

>  Mr. William T. Walsh
>  Clerk, United States District Court
>  Martin Luther King, Jr. Federal Building and US Courthouse
>  50 Walnut Street
>  Newark, NJ 07102

I hereby certify that on this date that I served via electronic, a true and accurate copy of the within Answer to Plaintiff's Complaint on behalf of Defendants MJH Healthcare Holdings, LLC; Michael J. Hennessy and Associate, Inc.; MJH Associates, Inc.; Intellisphere, LLC; and Robert Goldsmith to the following:

>  Mr. Timothy S. Seiler
>  Karpf, Karpf & Cerutti, P.C.
>  3331 Street Road
>  Two Greenwood, Square, Suite 128
>  Bensalem, PA 19020
>  Attorney(s) for Plaintiff
>  Ms. Elizabeth M. Brown

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

20

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
Attorneys for Defendants MJH Healthcare Holdings, LLC; Michael J. Hennessy and Associate, Inc.; MJH Associates, Inc.; Intellisphere, LLC; and Robert Goldsmith

By: _____
JENNIFER PASSANNANTE

Dated:   December 21, 2018

jap

HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

189 MAPLE AVENUE
RED BANK, NJ 07701